UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SOUTHRIDGE PARTNERS II, LP, | No. 3:17-cv-1925 (KAD) |
| *Plaintiff*, | |
| v. | |
| SND AUTO GROUP, INC., POTNETWORK HOLDINGS, INC., SIGN N DRIVE AUTO MALL, INC., CHARLES VACARRO, POTNETWORK HOLDING INC., | August 27, 2020 |
| *Defendants.* | |

**ORDER OF DISMISSAL**

Kari A. Dooley, United States District Judge:

On February 5, 2020, Attorney Robert Fleischer, counsel for Plaintiff Southridge Partners II, LP ("Southridge"), moved to withdraw his appearance in this matter. (ECF No. 98.) Per the Court's order (ECF No. 99), Attorney Fleischer notified Southridge of its right to be present at the hearing the Court scheduled on the motion to withdraw. (ECF No. 101.) Despite receiving such notice Southridge did not appear at the hearing, which took place on February 24, 2020. In granting Attorney Fleischer's motion to withdraw, the Court ordered Southridge to appear through new counsel on or before March 25, 2020. The Court further warned that Southridge's failure to appear through counsel "may result in a dismissal of this action without further notice from the court." (ECF No. 102.) A copy of the Court's order was mailed to Southridge and on February 25, 2020, Attorney Fleischer filed a declaration in which he averred that he emailed copies of the Court's order to Steven Hicks and Henry Sargent, the CEO and a senior executive of Southridge,

1

respectively.  (ECF No. 104.)  Despite the passage of more than five months since the March 25, 2020 deadline, new counsel has not appeared on behalf of Southridge.  Nor has Southridge sought an extension of the Court's deadline, and the case has otherwise remained inactive for six months.  Accordingly, and for the reasons set forth below, the Court concludes that this action must be dismissed.

**Legal Standard**

As relevant here, Fed. R. Civ. P. 41(b) provides for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Although Rule 41(b) "expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  The Second Circuit has identified five factors to guide the Court's exercise of discretion under Rule 41(b), which ask whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).  A "dismissal pursuant to Rule 41(b) operates as adjudication on the merits unless otherwise specified by the Court." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 89 (D. Conn. 2007).

**Procedural History**

Southridge filed this action in the Connecticut Superior Court in October 2017, which Defendants removed to the United States District Court for the District of Connecticut on

2

November 16, 2017.  (ECF No. 1.)  Following the filing of the parties' joint Rule 26(f) Report, the Court (Hall, *J*.) issued a scheduling order providing for a discovery deadline of October 15, 2018, and a deadline for dispositive motions of November 15, 2018.  (ECF No. 19.)  After Southridge twice amended its pleading, it filed a motion for partial summary judgment on June 19, 2018 as to Counts One and Three of its Second Amended Complaint against Defendant Potnetwork Holdings, Inc.  (ECF No. 41.)  The Defendants in turn moved for summary judgment against Southridge on August 6, 2018 (ECF No. 51), arguing, *inter alia*, that the Court lacked personal jurisdiction over each Defendant.  (*See* ECF No. 56.)  In a Joint Status Report filed during the pendency of the cross-motions for summary judgment, the parties represented that they had not undertaken any discovery outside of two document subpoenas issued by Southridge to third parties.  (ECF No. 72 at 1.)  In the event that the Court were to deny their motions for summary judgment, however, they acknowledged that they would need to pursue additional fact discovery.  (*Id*. at 3.)

After the matter was transferred to this Court on September 20, 2018 (ECF No. 66), the Court issued a ruling on May 24, 2019 denying Southridge's motion for summary judgment (ECF No. 86) and a separate ruling on December 19, 2019 granting in part and denying in part the Defendants' motion for summary judgment.  (ECF No. 92.)  Southridge, meanwhile, moved to amend the scheduling order to permit additional discovery (ECF No. 90), which the Court denied without prejudice to the refiling of a motion that specified the nature and scope of the discovery sought.  (ECF No. 97.)  Southridge did not refile its motion and instead Attorney Fleischer soon thereafter filed his motion to withdraw.

**Discussion**

The Court, *sua sponte,* considers dismissal of this matter due to Southridge's failure to secure counsel as ordered or to otherwise prosecute its claims, and concludes that a review of the

3

relevant factors warrants dismissal. First, Southridge's failure to prosecute has caused significant delay, as the Court has been unable to issue a scheduling order to set pretrial dates following the resolution of the parties' dispositive motions over eight months ago. And despite the pendency of this case for close to three years, it does not appear that the parties have undertaken any discovery outside of the two document subpoenas mentioned above; nor has any other meaningful activity taken place in six months to move the case forward. *See Suleski v. USI Consulting Grp., Inc.*, No. 3:17-cv-1503 (JBA), 2019 WL 1173016, at *2 (D. Conn. Mar. 13, 2019) ("an action lying dormant with no significant activity . . . may warrant dismissal after merely a matter of months" (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982)); *see also Rubin v. Abbott Labs.*, 319 F.R.D. 118, 120 (S.D.N.Y. 2016) (citing instances in which courts have dismissed cases for "a delay of between five and ten months," six months, and for even as few as four months).

Second, Southridge is a limited partnership and cannot appear *pro se*. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (*per curiam*). Accordingly, it has been notified per the Court's February 24, 2020 order that failure to obtain new counsel by March 25, 2020 could result in dismissal of the case without further notice. *See Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09-CV-0902 (JGK), 2013 WL 4451301, at *1 (S.D.N.Y. Aug. 19, 2013) (adopting Report and Recommendation following plaintiffs' failure to comply with court order requiring that they obtain counsel, where plaintiffs were an LLC and corporation, and concluding that "[b]ecause [plaintiffs] cannot prosecute this action *pro se* and have not retained new counsel within the time allotted, their claims should be dismissed for failure to prosecute").

Third, the Defendants have faced prejudice by incurring costs and attorneys' fees to defend a case that Southridge is not prosecuting. "Furthermore, because plaintiff has a duty of due diligence to move [its] case forward, and has failed to do so, prejudice to the defendants may

4

be presumed." *Kenny v. Potter*, No. 05-CV-1415 (KAM) (JMA), 2011 WL 613346, at *3 (E.D.N.Y. Jan. 24, 2011), *report and recommendation adopted*, 2011 WL 646919 (E.D.N.Y. Feb. 11, 2011); *see also Rubin*, 319 F.R.D. at 121.

Fourth, Southridge has failed to respond to the Court's February 24, 2020 order or to take any effort signaling an intent to pursue its claims. It has thereby "seemingly elected not to make use of [its] opportunity to be heard," a factor which "weighs in favor of dismissal." *Suleski*, 2019 WL 1173016, at *3; *see also Liberty Synergistics, Inc. v. Microflo, Ltd.*, No. 11-CV-00523 (JMA) (SIL), 2017 WL 9512403, at *2 (E.D.N.Y. May 11, 2017), *report and recommendation adopted*, 2017 WL 4119268 (E.D.N.Y. Sept. 18, 2017) (concluding that dismissal was warranted where "Plaintiff has taken no steps to advance its claims" since counsel withdrew his appearance and failed to appear at three status conferences).

Finally, for the reasons noted above, the Court concludes that no lesser sanction will suffice given Southridge's apparent abandonment of any effort to prosecute its claims and failure to communicate to the Court a contrary intention.

**Conclusion**

For the foregoing reasons the Court orders that this action be dismissed pursuant to Fed. R. Civ. P. 41(b). The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of August 2020.

> */s/ Kari A. Dooley*
> KARI A. DOOLEY
> UNITED STATES DISTRICT JUDGE